JOHN LOUGHRAN, PLAINTIFF, *v.* ARNETT G. SMITH AND
JOHN H. GRANT, DEFENDANTS.

*Lease not signed by lessor — entry under — effect of — tenancy from year to year.*

On the 22d of January, 1870, the defendants signed and delivered to the plaintiff
an agreement to take from him a building for the term of five years from May
1, 1870, at $3,500 per year. The instrument was never signed by the plaintiff.
On May 1, 1870, defendants entered into possession. One remained until August
1, 1872, only; the other continued in possession thereafter; the rent was paid
until February 1, 1873. In this action brought upon the agreement, to recover
the rent for February, March, and April, 1873, defendants claimed that it
was void, because it was not signed by the plaintiff. *Held*, that the instru-
ment, under the circumstances of the case, was sufficient evidence of a parol
lease, and that although it was valid for only one year from May 1, 1870, yet the
defendants, having actually entered under it and continued in the occupation
of the premises after the first of May in each year, became tenants of the
plaintiff, and were both liable to pay the stipulated rent until the first of the
next May.

MOTION for a new trial on exceptions ordered to be heard, in the
first instance, at the General Term.

On the 22d of January, 1870, the defendants signed the following
instrument:

"This agreement, made this day, January 22d, 1870, between John Laughran, of Brooklyn, of the first part, and A. G. Smith and J. H. Grant, of the second part, do agree to take building, situated on the south-west corner of Broadway and Fourth street, Brooklyn, E. D., from May 1, 1870, for five years, at rent of three thousand five hundred dollars per year.

"The party of the first part agreeing to put in a plate-glass front.

"ARNETT G. SMITH.

"JOHN H. GRANT.

"Witness : JOHN I. SNEDIKER."

Which was accepted, but never signed by the plaintiff.

The defendants entered into possession on the 1st of May, 1870, the plaintiff having put in the plate-glass front as provided in the agreement. They continued in possession until about the 1st of May, 1873, paying the rent up to February first of that year.

Upon the trial the counsel for the defendant offered to show that " on the 1st August, 1872, A. G. Smith, this defendant, ceased to occupy these premises and no longer thereafter occupied them, but that they were occupied only by the defendant J. H. Grant, and such person or persons as he chose to and did associate with him, other than said Smith ; that during the period for which rent is claimed in this action, said Grant and his associates — not Smith — were the only occupants of the premises, or any part thereof, and that from and after the 1st of August, 1872, this plaintiff had knowledge and notice of the fact that said Smith had retired from the occupation of the premises, and that plaintiff thereafter collected and accepted the rent from the parties then in occupancy with knowledge of that fact;" which evidence, upon plaintiff's objection, was excluded.

*J. L. Perry,* for the plaintiff. The agreement having been executed by the defendants for a valid consideration, and they having entered under it, they thereupon immediately became liable on their own undertaking, irrespective of any question as to its being binding on the plaintiff. (*Merrett* v. *Classon,* 12 Johns., 106 ; *Feeley* v. *Stewart,* 5 Sandf., 105; *Schuyler* v. *Leggett,* 2 Cowen, 663.) If, as a lease for five years, the agreement was void, yet it was not void as a

lease from year to year, and the agreement was competent evidence, as fixing the rent for each year, upon which the defendants entered under it. (*Clayton* v. *Blakely*, 8 T. R., 3; *Doe* v. *Bell*, 5 id., 471; *Classon* v. *Bailey*, 14 Johns., 484; 16 Wend., 465; 26 id., 363.)

*Britton, Ely & Snell*, for the defendant Smith. The instrument admitted in evidence was not a valid lease at common law (*Doe dem. Marlow* v. *Wiggins*, 4 Q. B., 467; *Saprani* v. *Skurro*, Yelverton, 19; 1 Platt on Leases, 9), or under the statute. (3 R. S. [5th ed.], 220, § 6; 2 R. S. [3d ed.], 134, 135, §§ 6, 8; *Worrall* v. *Munn*, 1 Seld., 229; *Townsend* v. *Hubbard*, 4 Hill, 351; *Champlin* v. *Parish*, 11 Paige, 405; *Snyder* v. *Neefus*, 53 Barb., 66; *Cammeyer* v. *Lutheran Church*, 2 Sandf. Ch., 248; *Cleves* v. *Willoughby*, 7 Hill, 83, 85; *Miller* v. *Pelletier*, 4 Edw. Ch., 105; *De Beircke* v. *Paige*, 36 N. Y., 537; *Same Case*, 47 Barb., 172.) It was void for want of mutuality, there being (because of no obligation by plaintiff) no consideration to support the agreement by defendants. Every bilateral agreement in which there is no consideration for the undertaking and promise on the one side, except the undertaking or promise of the other, requires to be signed by the parties on both sides in order to become a valid contract. (*Gage* v. *Jaqueth*, 1 Lans., 209; Bingham on Sales of Real Property, 461; *Buckley* v. *Hardy*, 3 Barn. & Cress., 355; *Benedict* v. *Lynch*, 1 Johns. Ch., 370; *Springsteen* v. *Powers*, 3 Robt., 486.)

GILBERT, J.:

The instrument subscribed by the defendants, coupled with the acceptance of it by the plaintiff, was sufficient evidence of a parol lease, which, though void for the term, inured as a tenancy from year to year, and governed the terms of the tenancy in all respects, except its duration. It is laid down in the case of *Soprani* v. *Skurro* (Yelv., 19) that a lease executed by the lessee, and not by the lessor, is inoperative, both as regards the interest and the covenants, for the covenants depend upon the lease, and if there be no lease, there can be no covenant. But this proposition was overruled in *Cooch* v. *Goodman* (2 Q. B., 580; S. C., 2 G. & D., 159), in which the court were clearly of opinion that if a lease be executed by the lessee, and he enter and enjoy the lands demised, he is liable

to an action of covenant by the lessor, though he, the lessor, did not execute the deed. They consider the case as falling within the general rule laid down in Comyn's Digest (Fait, C. 2) that if one party executes his part of an indenture, it shall be his deed, though the other does not execute his part. But under the statute of this State, which avoids parol leases for a longer period than one year (2 R. S., 134, § 6), such lease was valid only for one year from the 1st of May, 1870, yet the defendants having actually entered under the lease, and continued in the occupation of the demised premises after the first of May in each year, they became tenants of the plaintiff, and liable to pay the stipulated rent until the first of May of the following year. The rent sued for accrued during the months of February, March and April, 1873. We think the defendants are clearly liable for it. (*Reeder, admr., et al.* v. *Sayre,* 6 Hun, 564, and cases cited; S. C., Ct. App., MSS.)

The argument of the appellant, founded upon the supposed lack of mutuality of the contract, we think cannot be sustained. There was a mutual contract in each year, and although the contract, when made, was not mutually binding for the entire term, yet the actual enjoyment of the tenancy from year to year by the defendants, with the consent of the plaintiff, is a sufficient consideration for their promise to pay the rent. (*D'Amoreux* v. *Gould,* 3 Seld., 349; *Justice* v. *Lang,* 42 N. Y., 493; *Morton* v. *Burn,* 7 A. & E., 19: *Kennaway* v. *Treleavan,* 5 M. & W., 501.)

The court properly rejected the evidence offered by the defendant. It would not have established a surrender. (*Scheffelin* v. *Carpenter,* 15 Wend., 400.)

The exceptions must be overruled, and judgment ordered for the plaintiff.

BARNARD, P. J., and DYKMAN, J., concurred.

Exceptions overruled and judgment for plaintiff.